# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT JACKSON
Assigned on Briefs March 4, 2008

## STATE OF TENNESSEE v. MARICO FOWLER

**Direct Appeal from the Criminal Court for Shelby County**
**No. 05-08602     W. Mark Ward, Judge**

---

**No. W2007-01631-CCA-R3-CD - Filed July 10, 2009**

---

Following a jury trial, Defendant, Marico Fowler, was convicted of aggravated assault, a Class C felony, reckless endangerment, a Class A misdemeanor, reckless endangerment with a deadly weapon, a Class E felony, and vandalism, a Class A misdemeanor. At the conclusion of the sentencing hearing, the trial court sentenced Defendant to concurrent sentences of eleven months, twenty-nine days for vandalism, eleven months, twenty-nine days for reckless endangerment, three years for reckless endangerment with a deadly weapon, and ten years for aggravated assault, for an effective sentence of ten years. The felony sentences are as a Range II multiple offender. The trial court ordered Defendant to serve his sentences in confinement. On appeal, Defendant argues that the trial court erred in denying his request for alternative sentencing. After a thorough review of the record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Larry E. Fitzgerald, Memphis, Tennessee, for the appellant, Marico Fowler.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and Scot Bearup, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

### I. Background

On July 1, 2005, the victim, Faye Boyce, and her husband, James Bowles, were visiting with some friends at the friends' home. Defendant drove up to the home and told the victim that he had always wanted to have sex with her. Mr. Bowles asked Defendant not to speak to his wife like that and Defendant began cursing. After observing this behavior, the owners of the home asked Defendant to leave their property. Defendant entered his vehicle and "rammed" the victim's car

twice. The victim then called the police and filed a report. The police informed her that they needed Defendant's license tag number in order to follow up on the report.

The next day, July 2, 2005, the victim was at her mother's home when Defendant drove by. He stopped and got out of his car and yelled at the victim. The victim then went over to her car to retrieve a pencil and paper in order to write down Defendant's license tag number. When she did this, Defendant asked her if she was trying to get his license tag number so "they could send him to jail." He then stated that "I'm going to go to jail for a reason" and drove away. About fifteen minutes later Defendant returned and said, "B****, I'm back." Defendant then began shooting. The victim fell to the ground and began to crawl toward her mother's car in order to hide underneath it. Her brother shielded her body with his and told Defendant that he was not going to shoot his sister. Defendant told him to move or he would shoot him too. The victim managed to crawl under the car by this point, but Defendant continued to shoot at her. The victim testified that Defendant was shooting a gray revolver and shot five times. The victim also stated that she was certain the Defendant was the person involved in these crimes.

## II. Analysis

Defendant contends that the trial court erred in denying his request for alternative sentencing. On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is improper. See T.C.A. § 40-35-401, Sentencing Comm'n Comments; see also State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record with a presumption that the determinations made by the court from which the appeal is taken are correct. T.C.A. § 40-35-401(d). This presumption of correctness, however, "'is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" State v. Carter, 254 S.W.3d 335, 344-45 (Tenn. 2008) (quoting State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991)). "If, however, the trial court applies inappropriate mitigating and/or enhancement factors or otherwise fails to follow the Sentencing Act, the presumption of correctness fails," and our review is de novo. Carter, 254 S.W.3d at 345 (quoting State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1002); State v. Pierce, 138 S.W.3d 820, 827 (Tenn. 2004)).

In conducting a de novo review of a sentence, this Court must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement the defendant wishes to make in the defendant's own behalf about sentencing. T.C.A. § 40-35-210(b); see also Carter, 254 S.W.3d at 343; State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002).

Effective June 7, 2005, our legislature amended Tennessee Code Annotated section 40-35-102(6) by deleting the statutory presumption that a defendant who is convicted of a Class C, D, or

E felony, as a mitigated or standard offender, is a favorable candidate for alternative sentencing. Our sentencing law now provides that a defendant who does not possess a criminal history showing a clear disregard for society's laws and morals, who has not failed past rehabilitation efforts, and who "is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. T.C.A. § 40-35-102(5), (6) (emphasis added). Additionally, a trial court is "not bound" by the advisory sentencing guidelines; rather it "shall consider" them. Id. § 40-35-102(6). (Emphasis added).

As of June 7, 2005, no longer is any defendant entitled to a presumption that he or she is a favorable candidate for probation. Carter, 254 S.W.3d at 347. Generally, defendants classified as Range II or Range III offenders are not to be considered as favorable candidates for alternative sentencing. T.C.A. § 40-35-102(6). In determining whether to deny alternative sentencing and impose a sentence of total confinement, the trial court must consider if:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

T.C.A. § 40-35-103(1); see also Carter, 254 S.W.3d at 347. Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. T.C.A. § 40-35-103(2), (4). The court should also consider the defendant's potential for rehabilitation or treatment in determining the appropriate sentence.

In his brief, the defendant addresses whether he should have received probation. The determination of entitlement to full probation necessarily requires a separate inquiry from that of determining whether a defendant is entitled to a less beneficent alternative sentence. See State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9-10 (Tenn. 2000). A defendant is required to establish his suitability for full probation as distinguished from his favorable candidacy for alternative sentencing in general. State v. Mounger, 7 S.W.3d 70, 78 (Tenn. Crim. App. 1999); see T.C.A. 40-35-303(b) (2006); Bingham, 910 S.W.2d at 455-56. A defendant seeking full probation bears the burden of showing that probation will subserve the ends of justice and the best interest of both the public and the defendant. State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990), overruled on other grounds by Hooper, 29 S.W.3d at 9. As the Sentencing Commission points out, "even though probation must be automatically considered as a sentencing option for eligible defendants, the defendant is not automatically entitled to probation as a matter of law." Id. § 40-35-303, Sentencing Comm'n Cmts.

As a Range II, multiple offender, Defendant is not considered a favorable candidate for alternative sentencing. See T.C.A. § 40-35-102(6). Nonetheless, he remains eligible for an alternative sentence because his sentences were ten years or less and the offenses for which he was convicted are not specifically excluded by statute. T.C.A. §§ 40-35-102(6), -303(a).

The trial court examined Defendant's potential for rehabilitation or lack thereof when it considered whether alternative sentencing was appropriate. T.C.A. § 40-35-103(5). The trial court determined that the offenses committed were serious enough to warrant the denial of alternative sentencing when considered with all the other factors, such as his criminal history, his probation violations, his lack of employment, the fact that he dropped out of school in the tenth grade, and his lack of credibility on the witness stand. These factors fully justify the trial court's decision.

The trial judge is in the best position to assess a defendant's credibility and potential for rehabilitation. State v. Nunley, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999). Furthermore,"[a] felon's rehabilitation potential and the risk of repeating criminal conduct are fundamental in determining whether he or she is suited for alternative sentencing." State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999).

Defendant also contends that the trial court erred by "looking behind the verdict" and examining the actual acts committed by Defendant. Our Supreme Court has held that it is proper for a trial court to look behind a plea bargain and consider the "true nature of the offenses committed" in setting a sentence within that range. State v. Hollingsworth, 647 S.W.2d 937, 939 (Tenn. 1983). The Court has also held that when considering an enhancement factor, a sentencing court may apply the factor based on facts underlying an offense for which the defendant has been acquitted at trial. State v. Winfield, 23 S.W.3d 279, 284 (Tenn. 2000). Although this case does not involve a plea bargain or application of an enhancement factor based on the true nature of the offenses, we see no reason why the logic of Hollingsworth and Winfield should not apply equally to determine manner of service in cases such as this involving guilt by a jury verdict See State v. Michael Lee Hovatter, a/k/a Michael L. Hovater, 1986 WL 934, No. 85-85-220-III, at 1 (Tenn. Crim. App., at Nashville, Jan. 22, 1986). In any event , even if the trial court erred in "looking behind the verdict," which we do not believe occurred in this case, the other factors considered by the court fully support the denial of alternative sentencing.

Based on our review of the record, we conclude that the trial court did not err in denying Defendant's request for alternative sentencing.

## CONCLUSION

For the foregoing reasons, the judgments of the trial court a reaffirmed.


_____
THOMAS T. WOODALL, JUDGE

-4-